**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK A. LEWIS, | |
|     Plaintiff, | No. C 05-3590 PJH (PR) |
|   v. | **ORDER OF DISMISSAL** |
| THE CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE; and Chief HEATHER FONG, | **(**Doc 2) |
|     Defendants. / | |

    Plaintiff, a prisoner at the San Francisco County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

    Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. See 28 U.S.C. § 1391(b).

**DISCUSSION**

*A. Standard of Review*

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B. Legal Claims*

Plaintiff was arrested for striking an elderly man. After forty days in jail it was established that he was at a medical appointment at the time of the attack and so could not have been the assailant, and the charges were dropped. He demands damages for "false imprisonment."

A claim for wrongful detention (false imprisonment) absent a cognizable claim for wrongful arrest will not ordinarily state an independent claim under § 1983. *Baker v. McCollan*, 443 U.S. 137, 142-145 (1979). Whether plaintiff can maintain this claim, therefore, turns on whether the arrest was wrongful. A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *Pierson v. Ray*, 386 U.S. 547, 555-558 (1967). An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Beier v. City of Lewiston*, 354 F.3d 1058, 1065 (9th Cir. 2004).

Here, plaintiff alleges that the police arrested him because he had been identified as the person who struck the elderly man. In the tort clam which is attached to the complaint he provides more details. He says that he was stopped by a uniformed officer while buying cigarettes in the Tenderloin. The uniformed officer was joined by a plain-clothes officer who took plaintiff's picture and went away. The plain-clothes officer came back and said that plaintiff had been identified as the assailant. That is, plaintiff has alleged the existence of probable cause, rather than its absence. Given that, the case will be dismissed with

prejudice.[1]

**CONCLUSION**

This case is **DISMISSED** with prejudice.  Plaintiff's application for leave to proceed in forma pauperis (doc 2) is **DENIED**.  No fee is due.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  April 12, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\LEWIS590.DSM

---

[1] The court also notes that plaintiff has named as defendants only the City and County of San Francisco, the San Francisco Police Department, and Chief of Police Heather Fong. Fong, who is not mentioned in the statement of claim, appears to have been named on a respondeat superior theory, that is, because she is the ultimate superior of the officers who arrested plaintiff.  That theory of recovery in not available under Section 1983.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As to the city and the police department, those entitles can be liable only if the officers who arrested him were acting pursuant to an unconstitutional official policy or practice of the city or of the police department, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), and plaintiff has not alleged that.